**Robert J. O'CONNOR, as an individual, All teachers who have left the STRS before retiring and have not been reimbursed their employers' contributions towards their retirements, Petitioner—Appellant,**

v.

**James MOSMAN; Pete Hough; Keith Yamanaka;, Defendants— Appellees,**

State Teachers Retirement System; Los Angeles Community College District; Los Angeles Unified School District; Attorney General of the State of California, Respondents—Appellees.

No. 01–56209.

D.C. No. CV–00–10604–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 27, 2001.*

Decided Feb. 26, 2002.

Before CHOY, SKOPIL and FERGUSON, Circuit Judges.

MEMORANDUM**

Robert O'Connor appeals pro se the district court's dismissal of his complaint against California's State Teachers' Retirement System ("STRS") and related state agencies and officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal under Fed.R.Civ.P. 12(b)(6) de novo, *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

O'Connor is a retired teacher formerly employed by the Los Angeles Unified School District and Los Angeles Community College. He disputed STRS's calculation of his retirement benefits in a number of actions before California administrative law courts and state courts. When he was

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

unable to obtain the ruling he desired, O'Connor filed a complaint in the Central District of California. The district court dismissed O'Connor's action on two grounds. First, it concluded that dismissal was appropriate under the *Rooker–Feldman* doctrine. Second, it found that the action was barred by res judicata.

Notwithstanding O'Connor's arguments to the contrary, the district court correctly concluded that the *Rooker–Feldman* doctrine bars jurisdiction over this case. The district court could not grant the relief O'Connor was seeking without reviewing the state court's decision. As such, the claims in O'Connor's district court complaint were "inextricably intertwined" with the earlier state court decisions, and dismissal was appropriate under the *Rooker–Feldman* doctrine.[1] *See Ahmed v. Washington*, 276 F.3d 464, 467 (9th Cir.2001) (citations omitted); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir.2001); *see generally Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

AFFIRMED.

---

1. Because the district court properly dismissed the action in accordance with the *Rooker–Feldman* doctrine, we need not address O'Connor's claim that his action is not barred by res judicata.